SEDGWICK LLP
Bruce D. Celebrezze (State Bar No. 102181)
bruce.celebrezze@sedgwicklaw.com
Matthew C. Lovell (State Bar No. 189728)
matthew.lovell@sedgwicklaw.com
Dean J. McElroy (State Bar No. 213132)
dean.mcelroy@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:     415.781.7900
Facsimile:      415.781.2635

Attorneys for Plaintiff ST. PAUL MERCURY
INSURANCE COMPANY


CONNOR, FLETCHER & WILLIAMS LLP
Michael R. Williams (State Bar No. 192222)
mwilliams@businesslit.com
Shiry Tannenbaum (State Bar No. 261583)
stannenbaum@businesslit.com
2211 Michelson Drive, Suite 1100
Irvine, CA  92612
Telephone:     949.622.2600
Facsimile:      949.622.2626

Attorneys for Defendant and Counterclaimant
TESSERA, INC.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>TESSERA, INC.,<br><br>                    Defendant. | Case No. 5:12-cv-1827 RMW<br><br>STIPULATION AND PROTECTIVE ORDER - CONFIDENTIAL DESIGNATION ONLY |

          In order to facilitate the exchange of information and documents that may be subject to

confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the

Parties (as defined in Paragraph 1 below) to the above-captioned matter, by and through their respective counsel of record, stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding (U.S. Dist. Ct., N.D. Cal., Case No. 5:12-cv-1827 RMW).

b. "Court" means the Honorable Ronald M. Whyte, or any other magistrate judge or district judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information that is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony, or Information (as defined below) designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, which have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of any Documents or Testimony.

i. "Party" or "Parties" shall mean the signatories to this Stipulation and Protective Order, St. Paul Mercury Insurance Company ("St. Paul") and Tessera, Inc., ("Tessera") individually or collectively.

1    j.    "Testimony" means all depositions, declarations or other testimony taken

2  or used in this Proceeding.

3    2.    The Designating Party shall have the right to designate as "Confidential" any

4  Documents, Testimony, or Information that the Designating Party in good faith believes to

5  contain non-public information that is entitled to confidential treatment under applicable law.

6    3.    The entry of this Stipulation and Protective Order does not alter, waive, modify,

7  or abridge any right, privilege or protection otherwise available to any Party with respect to the

8  discovery of matters, including but not limited to any Party's right to assert the attorney-client

9  privilege, the work product doctrine, or other privileges, or any Party's right to contest any such

10  assertion.  Furthermore, St. Paul has agreed to participate in Tessera's defense of the action

11  entitled *Powertech Technology Inc. v. Tessera, Inc.*, U.S.D.C. N.D. Cal. Case No. 4:11-cv-

12  06121-CW (the "*PTI  v. Tessera* Action"), under a reservation of rights.  The Parties anticipate

13  that in the course of this action, it may become reasonably necessary for Tessera to disclose

14  Information, Documents, and/or Testimony, including potentially privileged or confidential

15  Information, Documents, and/or Testimony, to St. Paul for the purpose, in whole or in part, of

16  permitting and facilitating St. Paul's participation in its defense of the *PTI v. Tessera* Action.

17  Accordingly, the production of Information, Documents, or Testimony by Tessera to St. Paul in

18  this action shall not alter, waive, modify, or abridge any attorney-client privilege, work product

19  protection, confidentiality, or trade secret protection applicable to such Information,

20  Documents, or Testimony.

21    4.    Any Documents, Testimony or Information to be designated as "Confidential"

22  must be clearly so designated before the Document, Testimony or Information is Disclosed or

23  produced.  The "Confidential" designation should not obscure or interfere with the legibility of

24  the designated Information.

25    a.    For Documents (apart from transcripts of depositions or other pretrial or

26  trial proceedings), the Designating Party must affix the legend "Confidential" on each page of

27  any Document containing such designated Confidential Material.

28    b.    For Testimony given in depositions, the Designating Party may either:

STIPULATION AND PROTECTIVE ORDER          - 3 -
- CONFIDENTIAL DESIGNATION ONLY

1         i.       Identify on the record, before the conclusion of the deposition, all

2 "Confidential" Testimony, by specifying all portions of the Testimony that

3 qualify as "Confidential;" or

4         ii.      Designate the entirety of the Testimony at the deposition as

5 "Confidential" (before the deposition is concluded) with the right to identify

6 more specific portions of the Testimony as to which protection is sought within

7 30 days following receipt of any party's challenge to the designation of the

8 entirety of the Testimony as Confidential.  In circumstances where portions of

9 the deposition Testimony are designated for protection, the transcript pages

10 containing "Confidential" Information may be separately bound by the court

11 reporter, who must affix to the top of each page the legend "Confidential," as

12 instructed by the Designating Party.

13      c.      For Information produced in some form other than Documents, and for

14 any other tangible items, including, without limitation, compact discs or DVDs, the Designating

15 Party must affix in a prominent place on the exterior of the container or containers in which the

16 Information or item is stored the legend "Confidential."  If only portions of the Information or

17 item warrant protection, the Designating Party, to the extent practicable, shall identify the

18 "Confidential" portions.

19      5.      The inadvertent production by any of the undersigned Parties or non-Parties to

20 the Proceeding of any Document, Testimony, or Information in this Proceeding without a

21 "Confidential" designation shall be without prejudice to any claim that such item is

22 "Confidential," and such Party shall not be held to have waived any rights by such inadvertent

23 production.  In the event that any Document, Testimony, or Information that is subject to a

24 "Confidential" designation is inadvertently produced without such designation, the Party that

25 inadvertently produced the document shall give written notice of such inadvertent production

26 within twenty (20) days of discovery of the inadvertent production, together with a further copy

27 of the subject Document, Testimony or Information designated as "Confidential" (the

28 "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the

1    Party that received the inadvertently produced Document, Testimony, or Information shall

2    promptly destroy the inadvertently produced Document, Testimony, or Information and all

3    copies thereof, or, at the expense of the producing Party, return such Document, Testimony, or

4    Information together with all copies thereof to counsel for the producing Party and shall retain

5    only the "Confidential" designated Materials.  Should the receiving Party choose to destroy

6    such inadvertently produced Document, Testimony, or Information, the receiving Party shall

7    notify the producing Party in writing of such destruction within ten (10) days of receipt of

8    written notice of the inadvertent production.  This provision is not intended to apply to any

9    inadvertent production of any Information protected by the attorney-client or work product

10   privileges.  In the event that this provision conflicts with any applicable law regarding waiver of

11   confidentiality through the inadvertent production of Documents, Testimony, or Information,

12   such law shall govern.

13          6.      In the event that counsel for a Party receiving Documents, Testimony, or

14   Information designated as "Confidential" objects to such designation with respect to any or all

15   of such items, said counsel shall advise counsel for the Designating Party, in writing, of such

16   objections, the specific Documents, Testimony, or Information to which each objection pertains,

17   and the specific reasons and support for such objections (the "Designation Objections").

18   Counsel for the Designating Party shall have thirty (30) days from receipt of the written

19   Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or

20   Information pursuant to any or all of the Designation Objections and/or (b) file a motion with

21   the Court seeking to uphold any or all designations on Documents, Testimony, or Information

22   addressed by the Designation Objections (the "Designation Motion").  Pending a resolution of

23   the Designation Motion by the Court, any and all existing designations on the Documents,

24   Testimony, or Information at issue in such Motion shall remain in place.  The Designating Party

25   shall have the burden on any Designation Motion of establishing the applicability of its

26   "Confidential" designation.  In the event that the Designation Objections are neither timely

27   agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or

28   Information shall be de-designated in accordance with the Designation Objection applicable to

1   such material.   Failure to challenge a "Confidential" designation shall not preclude a

2   subsequent challenge thereto.

3          7.      Access to and/or Disclosure of Confidential Materials designated as

4   "Confidential" shall be permitted only to the following persons:

5                  a.      The Court.

6                  b.      (1) Attorneys of record in the Proceeding and the affiliated attorneys,

7   paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved

8   in the Proceeding and are not employees of any Party.  (2) In-house counsel to the undersigned

9   Parties and the paralegal, clerical, and secretarial staff employed by such counsel.  Provided,

10  however, that each non-lawyer given access to Confidential Materials shall be advised that such

11  Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and

12  Protective Order and that they may not be Disclosed other than pursuant to its terms.

13                 c.      Those officers, directors, partners, members, employees, and agents of all

14  nondesignating Parties that have been designated by such Parties to assist counsel in the

15  prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of

16  Confidential Materials to any such officer, director, partner, member, employee, or agent,

17  counsel for the Party making such Disclosure shall deliver a copy of this Stipulation and

18  Protective Order to such person, shall explain that such person is bound to follow the terms of

19  such Order, and shall secure the signature of such person on a statement in the form attached

20  hereto as Exhibit A.

21                 d.      Court reporters in this Proceeding (whether at depositions, hearings, or

22  any other proceeding).

23                 e.      Any deposition, trial, or hearing witness in the Proceeding who

24  previously has had access to the Confidential Materials, or who is currently or was previously

25  an officer, director, partner, member, employee, or agent of an entity that has had access to the

26  Confidential Materials.

27                 f.      Any deposition or non-trial hearing witness in the Proceeding who

28  previously did not have access to the Confidential Materials; provided, however, that each such

USDC Case No. CV 12 1827 RMW

witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

g. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making such Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making such Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

i. Outside vendors providing counsel for the Parties with litigation support services, including for example photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, including the employees or subcontractors of such outside vendors; provided, however, that prior to the Disclosure of Confidential Materials to any such outside vendor, counsel for the Party making such Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

j. Any other person that the Designating Party agrees to in writing.

8.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9.      To the extent that any Party produces Information that previously was produced or generated in the *PTI v. Tessera* Actionand such Information was designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by one or more of the parties to the *PTI v. Tessera* Action then, with respect to such Information, the Parties shall comply in all respects with the terms of the Protective Order Regarding Confidential Information entered by the court in the *PTI v. Tessera* Action (the "*PTI v. Tessera* Action Protective Order"), a copy of which is attached to this Order as Exhibit B and incorporated into this Order by this reference.  To the extent that the provisions of this Order and the *PTI v. Tessera* Action Protective Order conflict, the terms of the *PTI v. Tessera* Action Protective Order shall govern with respect to Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the *PTI v. Tessera* Action.  Without limiting the generality of the preceding sentence, the procedures set forth in paragraph 6 of this Order shall not apply to Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the *PTI v. Tessera* Action.  If any documents are withheld from St. Paul on the basis that the *PTI v. Tessera* Action Protective Order precludes their production, upon the request of St. Paul, Tessera will ask the parties in the *PTI v. Tessera Action* for permission to produce such document(s) to St. Paul.  If Tessera fails to make such a request or Tessera's request is denied by the parties in the *PTI v. Tessera* Action, then St. Paul may seek an order from the Court in the PTI Litigation permitting Tessera to produce the requested documents to St. Paul.

10.     This Order does not apply to any party's use of:

  a.      Its own documents or information;

  b.      Documents that were in its possession, custody, or control prior to the filing of this lawsuit;

  c.      Documents or information concerning or reflecting transactions or communications to which it was a party; or

d.    Documents or information developed or obtained lawfully and independently of discovery in this action;

unless and to the extent any such documents or information were (i) exchanged among any of the Parties before the filing of this lawsuit, and (ii) have been designated as "Confidential" by any Party to the Proceeding within 30 days after all Parties' execution of this Stipulation and Protective Order.

11.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.    Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.    To seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material, or Information.

13.    Any Party to the Proceeding that has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to

this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-Party witness in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order. Further, a Party can designate documents produced by third Parties as "Confidential."

15. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional

1    protection.  The Parties shall meet and confer to agree upon the terms of such additional

2    protection.

3        17.    If, after execution of this Stipulation and Protective Order, any Confidential

4    Materials submitted by a Designating Party under the terms of this Stipulation and Protective

5    Order is Disclosed by a non-Designating Party to any person other than in the manner

6    authorized by this Stipulation and Protective Order, the non-Designating Party responsible for

7    the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential

8    Materials to the immediate attention of the Designating Party.

9        18.    This Stipulation and Protective Order is entered into without prejudice to the

10   right of any Party to knowingly waive the applicability of this Stipulation and Protective Order

11   to any Confidential Materials designated by that Party.  If the Designating Party uses

12   Confidential Materials in a non-Confidential manner, then the Designating Party shall advise

13   counsel for the other Parties that the designation no longer applies.

14       19.    Where any Confidential Materials, or Information derived from Confidential

15   Materials, is included in any motion or other proceeding governed by Rule 5.2 of the Federal

16   Rules of Civil Procedure, Civil Local Rule 79-5, or General Order No. 62, the party shall follow

17   those rules.  If Confidential Materials or Information derived from Confidential Materials are

18   submitted to or otherwise Disclosed to the Court in connection with discovery motions or other

19   proceedings not governed by Rule 5.2 of the Federal Rules of Civil Procedure, Civil Local Rule

20   79-5, or General Order No. 62, the same shall be separately filed under seal with the clerk of the

21   Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO

22   PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

23       20.    The Parties shall meet and confer regarding the procedures for use of

24   Confidential Materials at any hearing or at trial and, if any Party seeks to protect the use of such

25   Confidential Materials to any greater degree than that protection afforded by Rule 5.2 of the

26   Federal Rules of Civil Procedure, Civil Local Rule 79-5, or General Order No. 62, or any other

27   order of this Court, such party may move the Court for entry of an appropriate order.

28

21.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

22.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23.     Within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall confirm to the Designating Parties that they have destroyed all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and two copies of each pleading filed with the Court, discovery response, deposition transcript, and deposition exhibit).

24.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

1         This Stipulation and Protective Order may be executed in counterparts, and a facsimile

2   or electronic copy of a signature page shall have the same force and effect as an original

3   signature page.

4   DATED:  July 9, 2012          SEDGWICK LLP

5

6                              By: */s/ Dean J. McElroy*

7                                Bruce D. Celebrezze
         Matthew C. Lovell

8        Dean J. McElroy
         Attorneys for Plaintiff ST. PAUL MERCURY

9        INSURANCE COMPANY

10  DATED:  July 9, 2012          CONNOR, FLETCHER & WILLIAMS LLP

11

12       By: */s/ Michael R. Williams*

13       Michael R. Williams
         Shiry Tannenbaum

14       Attorneys for Defendant TESSERA, INC.

15
                   <u>ORDER</u>

16        GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective

17  Order.

18        IT IS SO ORDERED.

19

20  Dated:  __9⅓3⅓4234__         _____

21                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

                        USDC Case No. CV 12 1827 RMW

1

**EXHIBIT A**

2

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

3

I hereby acknowledge that I, _____[NAME],

4

_____ [POSITION AND EMPLOYER], am

5

about to receive Confidential Materials supplied in connection with the Proceeding, United

6

States District Court, Northern District of California, Case No. CV 12 1827 RMW.  I certify that

7

I understand that the Confidential Materials are provided to me subject to the terms and

8

restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a

9

copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

10

I understand that Confidential Materials, as defined in the Stipulation and Protective

11

Order, including any notes or other records that may be made regarding any such materials, shall

12

not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective

13

Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential

14

Materials obtained pursuant to this Protective Order, except as provided therein or otherwise

15

ordered by the Court in the Proceeding.

16

I further understand that I am to retain all copies of all Confidential Materials provided to

17

me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in

18

my personal custody until termination of my participation in this Proceeding, whereupon the

19

copies of such Materials will be returned to counsel who provided me with such Materials.

20

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true

21

and correct.  Executed this _____ day of _____, 2012, at _____.

22

DATED:                                    BY:  _____

23

                                                            Signature
                                                            Title

24

                                                            Address_____

25

                                                            City, State, Zip
                                                            Telephone Number

26

27

28

N.D. Cal. Case No. 5:12-cv-1827 RMW

**EXHIBIT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., a Taiwanese corporation, | Case No. 4:11-cv-06121-CW |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| vs. | |
| TESSERA, INC., a Delaware corporation, | |
| Defendant. | |

1.     PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.  The parties further acknowledge, as set forth in Section

14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

the standards that will be applied when a party seeks permission from the court to file material

under seal.

2.      DEFINITIONS

2.1  Challenging Party:  a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items:  information (regardless of how

it is generated, stored or maintained) or tangible things that qualify for protection under Federal

Rule of Civil Procedure 26(c).

2.3  Counsel (without qualifier):  Outside Counsel of Record and House Counsel

(as well as their support staff).

2.4  Designated House Counsel:  House Counsel who seek access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5  Designating Party:  a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6  Disclosure or Discovery Material:  all items or information, regardless of

the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

or responses to discovery in this matter.

2.7  Expert:  a person with specialized knowledge or experience in a matter

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this action, (2) is not a past or current employee of a Party

or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an

employee of a Party or of a Party's competitor.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-06121-CW
2448137.

- 2 -

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

1    Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

2    testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

3    Material.  However, the protections conferred by this Stipulation and Order do not cover the

4    following information: (a) any information that is in the public domain at the time of disclosure to

5    a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

6    a result of publication not involving a violation of this Order, including becoming part of the

7    public record through trial or otherwise; and (b) any information known to the Receiving Party

8    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

9    obtained the information lawfully and under no obligation of confidentiality to the Designating

10   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

11          4.      DURATION

12                  Even after final disposition of this litigation, the confidentiality obligations

13   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

14   or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal

15   of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

16   after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

17   action, including the time limits for filing any motions or applications for extension of time

18   pursuant to applicable law.

19          5.      DESIGNATING PROTECTED MATERIAL

20                  5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each

21   Party or Non-Party that designates information or items for protection under this Order must

22   take care to limit any such designation to specific material that qualifies under the appropriate

23   standards.  To the extent it is practical to do so, the Designating Party must designate for

24   protection only those parts of material, documents, items, or oral or written communications

25   that qualify – so that other portions of the material, documents, items, or communications for

26   which protection is not warranted are not swept unjustifiably within the ambit of this Order.

27                  Mass, indiscriminate, or routinized designations are prohibited.  Designations that

28   are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

1   unnecessarily encumber or retard the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it

4   designated for protection do not qualify for protection at all or do not qualify for the level of

5   protection initially asserted, that Designating Party must promptly notify all other parties that it is

6   withdrawing the mistaken designation.

7        5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

8   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

9   ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be

10  clearly so designated before the material is disclosed or produced.

11       Designation in conformity with this Order requires:

12       (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents,

13  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

14  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY" to each page that contains protected material. Where it is not practicable to affix a

16  legend to each page, the Producing Party must affix the legend to the Protected Material by a

17  similar means sufficient to clearly identify the designation applied to the Protected Material. If

18  only a portion or portions of the material on a page qualifies for protection, the Producing Party

19  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20  margins) and must specify, for each portion, the level of protection being asserted.

21       A Party or Non-Party that makes original documents or materials available for

22  inspection need not designate them for protection until after the inspecting Party has indicated

23  which material it would like copied and produced. During the inspection and before the

24  designation, all of the material made available for inspection shall be deemed "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

26  documents it wants copied and produced, the Producing Party must determine which documents,

27  or portions thereof, qualify for protection under this Order. Then, before producing the specified

28  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

2  Protected Material. Where it is not practicable to affix a legend to each page, the Producing Party

3  must affix the legend to the Protected Material by a similar means sufficient to clearly identify the

4  designation applied to the Protected Material. If only a portion or portions of the material on a

5  page qualifies for protection, the Producing Party also must clearly identify the protected

6  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

7  portion, the level of protection being asserted.

8         (b)    for testimony given in deposition or in other pretrial or trial proceedings,

9  that the Designating Party identify on the record, before the close of the deposition, hearing, or

10  other proceeding, all protected testimony and specify the level of protection being asserted. When

11  it is impractical to identify separately each portion of testimony that is entitled to protection and it

12  appears that substantial portions of the testimony may qualify for protection, the Designating Party

13  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

14  to have up to 21 days to identify the specific portions of the testimony as to which protection is

15  sought and to specify the level of protection being asserted. Only those portions of the testimony

16  that are appropriately designated for protection within the 21 days shall be covered by the

17  provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

18  the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

19  transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY."

21         Parties shall give the other parties notice if they reasonably expect a deposition,

22  hearing or other proceeding to include Protected Material so that the other parties can ensure that

23  only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

24  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

25  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

26  – ATTORNEYS' EYES ONLY."

27        Transcripts containing Protected Material shall have an obvious legend on the title

28  page that the transcript contains Protected Material, and the title page shall be followed by a list of

1  all pages (including line numbers as appropriate) that have been designated as Protected Material

2  and the level of protection being asserted by the Designating Party.  The Designating Party shall

3  inform the court reporter of these requirements.  Any transcript that is prepared before the

4  expiration of a 21-day period for designation shall be treated during that period as if it had been

5  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

6  otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

7  actually designated.

8      (c)    for information produced in some form other than documentary and for any

9  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

10  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

11  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of

12  the information or item warrant protection, the Producing Party, to the extent practicable, shall

13  identify the protected portion(s) and specify the level of protection being asserted.

14      5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

15  to designate qualified information or items does not, standing alone, waive the Designating

16  Party's right to secure protection under this Order for such material.  Upon timely correction of

17  a designation, the Receiving Party must make reasonable efforts to assure that the material is

18  treated in accordance with the provisions of this Order.

19      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20      6.1  Timing of Challenges.  Any Party or Non-Party may challenge a

21  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

22  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

23  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

24  does not waive its right to challenge a confidentiality designation by electing not to mount a

25  challenge promptly after the original designation is disclosed.

26      6.2  Meet and Confer.  The Challenging Party shall initiate the dispute

27  resolution process by providing written notice of each designation it is challenging and

28  describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-06121-CW
2448137.

- 7 -

1    made, the written notice must recite that the challenge to confidentiality is being made in

2    accordance with this specific paragraph of the Protective Order.  The parties shall attempt to

3    resolve each challenge in good faith and must begin the process by conferring directly (in voice

4    to voice dialogue; other forms of communication are not sufficient) within 14 days of the date

5    of service of notice.  In conferring, the Challenging Party must explain the basis for its belief

6    that the confidentiality designation was not proper and must give the Designating Party an

7    opportunity to review the designated material, to reconsider the circumstances, and, if no

8    change in designation is offered, to explain the basis for the chosen designation.  A Challenging

9    Party may proceed to the next stage of the challenge process only if it has engaged in this meet

10    and confer process first or establishes that the Designating Party is unwilling to participate in

11    the meet and confer process in a timely manner.

12            6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

13    intervention, the Designating Party shall file and serve a motion to retain confidentiality under

14    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

15    applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

16    agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

17    Each such motion must be accompanied by a competent declaration affirming that the movant

18    has complied with the meet and confer requirements imposed in the preceding paragraph.

19    Failure by the Designating Party to make such a motion including the required declaration

20    within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

21    designation for each challenged designation.  In addition, the Challenging Party may file a

22    motion challenging a confidentiality designation at any time if there is good cause for doing so,

23    including a challenge to the designation of a deposition transcript or any portions thereof.  Any

24    motion brought pursuant to this provision must be accompanied by a competent declaration

25    affirming that the movant has complied with the meet and confer requirements imposed by the

26    preceding paragraph.

27            The burden of persuasion in any such challenge proceeding shall be on the

28    Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-06121-CW
2448137.

- 8 -

1  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

2  to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

3  file a motion to retain confidentiality as described above, all parties shall continue to afford the

4  material in question the level of protection to which it is entitled under the Producing Party's

5  designation until the court rules on the challenge.

6       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7       7.1 Basic Principles.  A Receiving Party may use Protected Material that is

8  disclosed or produced by another Party or by a Non-Party in connection with this case only for

9  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

10  disclosed only to the categories of persons and under the conditions described in this Order.

11  When the litigation has been terminated, a Receiving Party must comply with the provisions of

12  section 15 below (FINAL DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party at a

14  location and in a secure manner that ensures that access is limited to the persons authorized under

15  this Order.

16       7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

17  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

18  disclose any information or item designated "CONFIDENTIAL" only to:

19       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

20  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

21  information for this litigation;

22       (b)    the officers, directors, and employees (including House Counsel) of the

23  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

24  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25       (c)    Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

27  and Agreement to Be Bound" (Exhibit A);

28       (d)    the court and its personnel;

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-06121-CW
2448137.

- 9 -

1         (e)     court reporters and their staff, professional jury or trial consultants, and

2 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

3 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4         (f)     during their depositions, witnesses in the action to whom disclosure is

5 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

6 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

7 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

8 separately bound by the court reporter and may not be disclosed to anyone except as permitted

9 under this Stipulated Protective Order.

10         (g)     the author or recipient of a document containing the information or a

11 custodian or other person who otherwise possessed or knew the information.

12         7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

14 the Designating Party, a Receiving Party may disclose any information or item designated

15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

16         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

17 employees of said Outside Counsel of Record;

18         (b)     Designated House Counsel of the Receiving Party (1) who has no

19 involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

20 this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21 A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

22         (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably

23 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

24 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

25 have been followed;

26         (d)     the court and its personnel;

27

28

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Designated House Counsel and the city and state of his or her residence. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision may be disclosed to Renee DuBord Brown, Senior Vice President, Litigation and Sriranga Veeraraghavan, Senior Director of Litigation, from Tessera.

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court)

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be

any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

---

disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1          (b)     In the event that a Party is required, by a valid discovery request, to produce

2    a Non-Party's confidential information in its possession, and the Party is subject to an agreement

3    with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

4                  1.      promptly notify in writing the Requesting Party and the Non-Party

5    that some or all of the information requested is subject to a confidentiality agreement with a Non-

6    Party;

7                  2.      promptly provide the Non-Party with a copy of the Stipulated

8    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

9    description of the information requested; and

10                 3.      make the information requested available for inspection by the Non-

11   Party.

12         (c)     If the Non-Party fails to object or seek a protective order from this court

13   within 14 days of receiving the notice and accompanying information, the Receiving Party may

14   produce the Non-Party's confidential information responsive to the discovery request.  If the Non-

15   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

16   possession or control that is subject to the confidentiality agreement with the Non-Party before a

17   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

18   burden and expense of seeking protection in this court of its Protected Material.

19         10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

20                 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

21   Protected Material to any person or in any circumstance not authorized under this Stipulated

22   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

23   of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

24   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

25   of all the terms of this Order, and (d) request such person or persons to execute the

26   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

27

28

1    11.    <u>DISCLOSURE OF PRIVILEGED INFORMATION</u>

2          The production of Disclosure or Discovery Material (including documents) in this

3    action which a Party or Non-Party later claims should not have been produced because of a

4    privilege or protection from discovery, including but not limited to the attorney-client privilege,

5    work product privilege, and/or joint defense privilege shall not be deemed to waive any privilege

6    or protection from discovery.  A Party or Non-Party may request the return or destruction of such

7    Disclosure or Discovery Material and that request shall identify the Disclosure or Discovery

8    Material and the basis for requesting its return.  If a Receiving Party receives Disclosure or

9    Discovery Material that the Receiving Party believes may be subject to a claim of privilege or

10   protection from discovery, the receiving party shall promptly identify the Disclosure or Discovery

11   Material to the Producing Party or Non-Party.  Upon identification of the Disclosure or Discovery

12   Material by the Producing Party or Non-Party or by the Receiving Party, a Receiving Party: 1)

13   shall not use, and shall immediately cease any prior use of, such Disclosure or Discovery Material;

14   2) shall take reasonable steps to retrieve the Disclosure or Discovery Material from others to

15   which the Receiving Party disclosed the Disclosure or Discovery Material; 3) shall within five (5)

16   business days of the Producing Party's or Non-Party's request return to the Producing Party or

17   Non-Party or destroy the Disclosure or Discovery Material and destroy all copies thereof; and 4)

18   shall confirm to the Producing Party or Non-Party the destruction under subsection 3) above of all

19   copies of the Disclosure or Discovery Material not returned to the Producing Party or Non-Party.

20   No one shall use the fact of production of the Disclosure or Discovery Material to argue that any

21   privilege or protection has been waived.  Within fourteen (14) days of the identification of the

22   Disclosure or Discovery Material by the Producing Party or Non-Party or by the Receiving Party,

23   and not thereafter, the Receiving Party may file a motion to compel the production of the

24   Disclosure or Discovery Material on the basis that: (a) the information was never privileged or

25   protected from disclosure; or (b) any applicable privilege or immunity has been waived by some

26   act other than the production of the Disclosure or Discovery Material.  The Producing Party or

27   Non-Party and the Receiving Party shall meet and confer in accordance with applicable law or

28   Court rules regarding any such motion to compel.  Notwithstanding this provision, no party shall

1    be required to return or destroy any Disclosure or Discovery Material that may exist on any

2    disaster recovery backup system.

3         12.    <u>MISCELLANEOUS</u>

4             12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

5    person to seek its modification by the court in the future.

6             12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

7    Protective Order no Party waives any right it otherwise would have to object to disclosing or

8    producing any information or item on any ground not addressed in this Stipulated Protective

9    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any

10    of the material covered by this Protective Order.

11            12.3 <u>Filing Protected Material</u>. Without written permission from the Designating

12    Party or a court order secured after appropriate notice to all interested persons, a Party may not

13    file in the public record in this action any Protected Material. A Party that seeks to file under

14    seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may

15    only be filed under seal pursuant to a court order authorizing the sealing of the specific

16    Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only

17    upon a request establishing that the Protected Material at issue is privileged, protectable as a

18    trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

19    file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

20    then the Receiving Party may file the Protected Material in the public record pursuant to Civil

21    Local Rule 79-5(e) unless otherwise instructed by the court.

22         13.    <u>FINAL DISPOSITION</u>

23            Within 60 days after the later of: 1) dismissal of all claims and defenses in this

24    action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion

25    of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for

26    filing any motions or applications for extension of time pursuant to applicable law, each Party and

27    Non-Party must return all materials designated by any other Producing Party or Non-Party under

28    this Order to the Producing Party or Non-Party, or destroy such material, including all copies

1   thereof, and provide to the Producing Party or Non-Party a written certification of compliance

2   with this provision. Notwithstanding this provision, outside counsel for a party or non-party are

3   entitled to retain archival copies of all pleadings, filings, trial, deposition, and hearing transcripts,

4   legal memoranda, correspondence, expert reports, attorney work product, and consultant and

5   expert work product, and exhibits to any of these materials, even if such materials reflect materials

6   designated under this Order. Notwithstanding this provision, no Party shall be required to return

7   or destroy any materials designated under this Order that may exist on any disaster recovery

8   backup system. Any such archival and/or backup copies of materials designated under this Order

9   shall remain subject to the provisions of this Order.

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11  DATED: 4·19·2012 _____

12                                         Attorneys for Plaintiff

13  DATED: 4/20/2012 _____

14                                         Attorneys for Defendant

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  DATED: 4/23/2012 _____
                                           Claudia Wilken
18                                         United States District Judge

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-06121-CW
2448137.

- 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Powertech Tech., Inc. v. Tessera, Inc.*,

No. 4:11-cv-06121-CW.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-cv-06121-CW
2448137.