UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>TESSERA, INC., a Delaware corporation,<br><br>Defendant. | Case No. C-12-01827 RMW<br><br>**ORDER GRANTING DEFENDANT AND COUNTERCLAIMANT TESSERA, INC.'S MOTION FOR JUDGMENT ON RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>[Re: Docket No. 52] |

Defendant Tessera, Inc. ("Tessera"), moves for an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) on this court's November 30, 2012 order granting St. Paul Mercury Insurance Company's partial motion for summary judgment and denying Tessera's partial motion for summary judgment. *See* Dkt. No. 48 ("Order"). In the Order, the court held that St. Paul has no duty to defend Tessera in the underlying action, *Powertech Technology, Inc. v. Tessera, Inc.*, Case No. 11-06121. Because the court's ruling on the duty to defend issue, if correct, effectively determines the outcome of Tessera's remaining causes of action, Tessera wishes to immediately appeal the court's ruling and stay all remaining claims in this action pending the outcome of the appeal. St. Paul filed an official statement of non-opposition to Tesera's motion. Dkt. No. 54. Because the court finds no just reason to delay Tessera's appeal, the court GRANTS Tessera's

motion for final judgment on the November 30, 2012 Order. The court deems this motion proper for a decision without a hearing. *See* Civ. L.R. 7-1(b).

### I. BACKGROUND

Between May 2007 and August 2009, St. Paul issued three insurance policies to Tessera in which it agreed to indemnify Tessera and defend it against certain claims. Compl. ¶¶ 5-8, Dkt. No. 1. The policies do not cover any "injury or damage . . . that result[s] from any actual or alleged infringement or violation of . . . Patent [law] . . . [or] Other intellectual property rights or laws." Stip. Re Undisputed Facts ("Stip.") Ex. A, P000000090. Tessera holds patents to an encapsulation process for packaging semiconductor chips and licensed those patents to Power Technology Company ("PTI"), a chip packager. On December 6, 2011, PTI brought breach of contract, breach of implied covenant of good faith, and fraud claims against Tessera in the underlying action, alleging that Tessera violated PTI's license agreement by naming one of PTI's customers in a United States International Trade Commission Section 337 Investigation ("ITC proceeding"). Stip. Exs. F, I. The underlying action between Tessera and PTI is ongoing. On February 12, 2012, Tessera notified St. Paul of the underlying action and requested that St. Paul conduct a coverage review. Stip. Ex. J. St. Paul agreed to participate in Tessera's defense in the underlying action, but reserved the right to contest its duty to defend and seek reimbursement. *Id.* Tessera alleges that St. Paul neither participated in Tessera's defense nor reimbursed Tessera for its defense. Answer & Counterclaims ¶¶ 36, 59, Dkt. No. 11.

On April 12, 2012, St. Paul filed the present action against Tessera seeking a declaratory judgment that it has no duty to defend Tessera in the underlying action and for reimbursement of the fees it has already paid. On May 21, 2012, Tessera answered and brought counterclaims for breach of contract, bad faith and declaratory judgment that St. Paul has a duty to defend and indemnify Tessera in the underlying action.

On October 26, 2013, both parties filed cross-motions for partial summary judgment on the issue of whether St. Paul has a duty to defend Tessera in the underlying action. The court held that nothing in PTI's complaint in the underlying action, nor any facts known to St. Paul at the time the duty to defend would have arisen, could possibly give rise to any covered claim under the policy

ORDER
Case No. C-12-01827 RMW
FMP/ALG
- 2 -

agreement between St. Paul and Tessera.[1] Consequently, the court granted St. Paul's partial motion to dismiss and denied Tessera's partial motion to dismiss.

Tessera brings the present motion requesting final judgment pursuant to Rule 54(b) on the court's partial summary judgment ruling.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Judgment under this rule is proper when there are multiple claims, at least one of the claims has been adjudicated finally, and the court finds no just reason for delay. *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987). To determine whether there is no just reason for delay, the court will consider factors, including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). The court will also consider whether the interest of judicial economy would be better served by granting judgment and permitting an immediate appeal on the issue of St. Paul's duty of defend rather than proceeding with the remaining

---

[1] The court recognized that the insured need only demonstrate *conceivable* claims that would fall within the policy coverage to trigger the duty to defend, *see Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 295 (1993), but held that none of PTI's allegations in the underlying action, nor any extrinsic facts known to the insurer at the time the duty to defend would have arisen, could possibly support any covered claims for defamation, disparagement, malicious prosecution, or abuse of process. The court did not reach the issue of whether the intellectual property exclusion in the policy agreement excuses St. Paul from its duty to defend.

ORDER
Case No. C-12-01827 RMW
FMP/ALG
- 3 -

counterclaims such that all disputes could be addressed in a single appeal. *Aristocrat Techs. V. Int'l Game Tech.*, No. C–06–03717 RMW, 2010 WL 2486174 (N.D. Cal. June 15, 2010).

Tessera contends that entry of final judgment with respect to the court's partial summary judgment Order is appropriate under Rule 54(b) because immediate appellate review of the duty to defend ruling will facilitate the efficient resolution of the remaining claims and issues in the case or lead to settlement. The indemnification, bad faith and reimbursement claims, Tessera argues, all turn on whether St. Paul owes coverage obligations to Tessera based on their policy agreement. St. Paul does not oppose Tessera's motion for entry of a final judgment on the court's duty to defend ruling.

The court agrees that the Ninth Circuit's ruling on this issue on appeal will likely dictate the outcome of all of the parties' remaining claims, and at a minimum will resolve the threshold coverage issue which the Ninth Circuit would not have to revisit. Because the duty to defend issue is separable from the remaining claims, has been finally adjudicated by the court, and its ultimate resolution will likely dictate the outcome of the ensuing litigation, the court finds no just reason to delay final judgment on this ruling. Moreover, St. Paul does not oppose entry of judgment under Rule 54(b). Accordingly, the court GRANTS Tessera's motion and enters final judgment with respect to the November 30, 2012 ruling that St. Paul has no duty to defend Tessera in the underlying action.

### III. ORDER

For the foregoing reasons, the court GRANTS Tessera's motion for final judgment pursuant to Rule 54(b) and stays the remaining claims pending the outcome of the appeal, assuming the Ninth Circuit accepts the appeal.

Dated: September 26, 2013

RONALD M. WHYTE
United States District Judge